UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: _____

BARBARA ANDREAS, STEPHEN J. CRIBB, ADAM PAJER, STEVEN GIBBONS, CHERON HAYES, CATHRYN KOEPKE, AND SETH SCHMIDT,

      Plaintiffs,

vs.

THE WALT DISNEY COMPANY, DISNEY PARKS, EXPERIENCES AND PRODUCTS, INC., REEDY CREEK IMPROVEMENT DISTRICT, WALT DISNEY PARKS AND RESORTS U.S., INC., DISNEY GIFT CARD SERVICES, INC., DISNEY HUMAN RESOURCES SERVICES CO., LLC, DISNEY VACATION CLUB MANAGEMENT, LLC,

      Defendants.
_____/

## NOTICE OF REMOVAL

Defendants, Walt Disney Parks and Resorts U.S., Inc. ("WDPR"), Disney Vacation Club Management, LLC ("DVC"), Disney Gift Card Services, Inc. ("Disney Gift Card"), Disney Human Resources Services Co., LLC, ("Disney HR"), and The Walt Disney Company ("TWDC") (collectively, "Defendants"), by and through their undersigned counsel, without waiver of any defense of personal jurisdiction or any other applicable defense, respectfully remove this pending Florida

action, filed in the Ninth Judicial Circuit in and for Osceola County, Florida, to the United States District Court, for the Middle District of Florida, Orlando Division (the "MDFL"). The MDFL is the appropriate forum because it is the district and division in which the action is pending. In support of Defendants' removal action, they offer the following:

## I.

### Introduction

1. Plaintiffs commenced an action against the Defendants in the Circuit Court of Osceola County, Florida, entitled *Andreas et al. v. The Walt Disney Company et al.*, Case No. 2022-CA-001697.

2. Defendants attach all pleadings and papers that the Plaintiff filed and served in that action to this Notice as Composite Exhibit "A." No further proceedings have been held herein nor have any other pleadings or papers been filed other than those attached hereto as Composite Exhibit "A."

## II.

### Federal Question Jurisdiction

3. This Court has original jurisdiction of Counts V, VI, VII, and VIII of the action under the provisions of 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining counts as they involve claims that are "part of the same case or controversy." 28 U.S.C. § 1367(a). Accordingly, the Defendants may remove this action to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), (b), and (c).

### A.

### Timeliness and Consent by Other Defendants

4. Defendants WDPR and DVC agreed to waive service of process pursuant to a waiver of process form received January 10, 2023. Defendants Disney Gift Card and Disney HR agreed to waive service of process pursuant to waiver of process forms received on January 12, 2023. Defendant TWDC was served in California with a summons and complaint via certified mail pursuant to California law on January 11, 2023. Defendant Disney Parks, Experiences and Products, Inc. ("DPEP") has not been served with the Summons and Complaint, but consents to this Notice of Removal, as reflected in the Consent to Removal filed herewith. Defendant Reedy Creek Improvement District ("RCID"), although not yet served, has authorized undersigned counsel to represent that it consents to the removal of this action, and will separately be filing a Consent to Removal. Defendants timely file this Notice of Removal within 30 days of service upon each under 28 U.S.C. §1446(b).

### B.

### Specific Federal Question Jurisdiction

5. In Counts V, VI, VII, and VIII of the First Amended Complaint, the Plaintiff is pursuing claims arising under federal law, and therefore this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

6. In Count V, Plaintiffs sue all Defendants for alleged discrimination in violation of Title VII, 42 U.S.C. § 2000e ("Title VII"). Complaint, at ¶¶ 210-222. In

Count VI, Plaintiffs sue the defendants TWDC, WDPR, DVC, and DPEP for alleged retaliation in violation of Title VII. Complaint, at ¶¶ 223-234. In Count VII, Plaintiffs sue all Defendants for alleged discrimination in violation of the Americans With Disabilities Act, 42 U.S.C. Sec. 12211 ("ADA"). Complaint, at ¶¶ 235-250.

7. Finally, in Count VIII, Plaintiffs sue Defendants TWDC, WDPR, DVC, and DPEP for alleged retaliation in violation of the ADA. Complaint, at ¶¶ 251-263. As such, these claims are subject to removal because these causes of action arise under federal law.

**B.**

**Supplemental Jurisdiction**

8. The remaining counts of Plaintiffs' First Amended Complaint (Counts I, II, III, IV, and IX) are subject to this Court's jurisdiction and removal because they are "part of the same case or controversy." 28 U.S.C. §1367(a). As set forth below, the facts that Plaintiffs allege to support their state law claims are the same facts they use to support their federal claims and, in fact, are explicitly incorporated into each count. *See e.g.*, Complaint ¶¶ 158, 167, 181, 198, 210, 223, 235, 251, and 264. Those facts include all of the allegations related to Plaintiffs' employment and the application of the policies and procedures to each Plaintiff.

9. In particular, Counts I and II allege retaliation under both the private and public Florida Whistleblower Acts, based on the same factual predicates that form the basis for the federal retaliation claims. *Cf.,* Complaint ¶¶ 163-166 [Count I] and ¶¶ 176-179 [Count II] *to* Complaint ¶¶ 228-231 [Count VI-Title VII retaliation]

and Complaint ¶¶ 255-260 [Count VIII-ADA retaliation]. Counts III and IV allege discrimination and retaliation in violation of the Florida Civil Right Act, Fla. Stat. § 760.10, the state counterpart of Title VII and the ADA, based on exactly the same allegations. Count IX requests a declaratory judgment based on the same policies that form the basis for all the other counts and how they were applied to each plaintiff. Further, Count IX, which is described as a "violation of a constitutional right to privacy," depends on the fact allegations involving the relationship between RCID and the other Disney defendants, which are part and parcel of the federal counts that name RCID (*see, e.g.,* Complaint ¶¶ 42-46, incorporated into each federal count) and also seeks the same relief as the federal counts do in their request for an order to "cease enforcement" of the allegedly unlawful policy.

10. Thus, since the facts as alleged by Plaintiffs to be decided by the trier of fact will also determine whether there were violations of the state law employment and declaratory judgment claims, this Court can properly invoke its supplemental jurisdiction on the state law claims.

### III.
### NOTICE TO STATE COURT

11. Defendants have given written notice of the filing of this Notice to the Plaintiffs, and a copy of this Notice has been filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida.

| | |
|---|---|
| Dated: January 20, 2023 | Respectfully Submitted, |

/s/ *Paul J. Scheck*
PAUL J. SCHECK, ESQ.
Florida Bar No. 028487
Email address: pscheck@shutts.com
MARY RUTH HOUSTON, ESQ.
Florida Bar No. 834440
Email address: mhouston@shutts.com
REED SEBASTIAN ARROYO, ESQ.
Florida Bar No. 1013893
Email address: sarroyo@shutts.com
**SHUTTS & BOWEN LLP**
300 S. Orange Avenue, Suite 1600
Orlando, Florida 32801-5403
Telephone: (407) 423-3200
Facsimile: (407) 425-8316
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send a notice of electronic filing to all counsel of record:

Rachel Rodriguez, Esquire
Vires Law Group, PLLC
515 N. Flagler Dr., Suite P300
West Palm Beach, FL 33401
rrodriguez@vireslaw.group

Carroll G. Sanders, Esquire
CGS LAW, P.A.
1101 E. Cumberland Ave., Suite 201H-133
Tampa, FL 33602
Carroll@CGSLAW.org

/s/ *Paul J. Scheck*
*Counsel*

ORLDOCS 20249159 5